Foster, J.
The findings of the Workmen’s Compensation Board that claimant filed an application to reopen the case on *454 August 21,1942, and that such application was made and filed after a lapse of seven years from the date of the accident, have no evidence to support them. The application evidently referred to was dated August 17, 1942, and received at the Syracuse office of the Industrial Board on August 24, 1942. Aside from the error in date, the accident happened August 24, 1935, and seven years had not elapsed when the application was made. However, this application was denied on November 16, 1942. On November 23,1942, more than seven years after the date of the accident, a second application was made to reopen the case. On March 25, 1943, the case was reopened, and. the memorandum of the board member states: “ Previous denial of the Board is hereby rescinded * *
After August 24, 1942, the limitations contained in sections 25-a and 123 of the Workmen’s Compensation Law tolled against claimant insofar as the employer. and insurance carrier are concerned, except as to the pending application to reopen the case. Assuming that the board had power to act upon the application it nevertheless denied the same on November 16, 1942. When the second application to reopen was made November 23, 1942, the same limitations were in effect and there was then no pending application before the board. The application previously made had been denied. Under the circumstances the board had no power by a purported act of rescission to resuscitate the previous application, and thus in effect nullify the provisions of sections 25-a and 123. If it had such power the simple device of rescission might well be used to prevent any award from ever being made against the Special Fund.
The board’s decision that it had no jurisdiction under section 25-a, and in accordance with the provisions of section 123 of the Workmen’s Compensation Law, is correct so far. as the employer and carrier are concerned, but erroneous as a matter of law so far as the Special Fund is concerned. The first sentence of section 123 must be interpreted to refer only to the liability of employers and carriers, otherwise there is no sense to the second sentence which provides for an eighteen-year Statute of Limitations on stale cases in favor of the Special Fund.
The decision should be reversed, with costs and the matter remitted to the Workmen’s Compensation Board for consideration solely against the Special Fund.